**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DARRELL TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-434-TLS-AZ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Darrell Turner's Motion to Amend Civil Complaint [DE 21], which was filed on April 14, 2025, and a subsequent Motion to Clarify/Amend [DE 22], filed on April 28, 2025. The Court will consider the motions together per Turner's request in his Motion to Clarify/Amend. *See* DE 22 at 2. Furthermore, Turner filed a Motion for 60 Day Extension to Respond to Defendant's Motion to Dismiss [DE 26] on May 12, 2025, which, while substantively unrelated to the motions to amend, will be addressed at the end of his opinion. The Court previously ordered that the Plaintiff's Motion for Return of Property be converted to a Complaint for Return of Property. *See* DE 15. And while the Government has moved to dismiss Turner's Complaint for Return of Property pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see* DE 19, it did not file a response to either of Turner's motions to amend. Nonetheless, and for the reasons discussed below, the Court will deny Turner leave to amend his Complaint for Return of Property.

## Background

While this civil case is relatively new, it is premised on a long history of prior criminal cases and litigation in this District. On April 5, 2000, a criminal complaint was filed against Darrell Turner relating to unlawful possession of firearms. *See* Northern District of Indiana Case No. 2:00-cr-71 at DE 1. A grand jury subsequently returned a superseding indictment, charging Turner with six counts, including possessing a firearm while being a fugitive from justice. *Id.* at DE 15. On March 9, 2001, Turner pled guilty to possession of a firearm while a fugitive from justice, in violation of 18 U.S.C. § 922(g)(2). *Id.* at DE 37. On June 28, 2001, the Court sentenced Turner to twelve months and one day of imprisonment, followed by a three-year term of supervised release. *Id.* at DE 38.

Turner subsequently completed his term of imprisonment. But on February 13, 2003, while he was serving his term of supervised release in the firearms-related case, Turner was charged with multiple drug-related offenses. *See* Northern District of Indiana, Case No. 3:03-cr-22 at DE 1. He was later convicted by a jury and sentenced to 613 months imprisonment followed by three years of supervised release. *Id.* at DE 61 and 107. Turner is presently serving his sentence in that case, and he has a projected release date of August 22, 2044. *See* Federal Bureau of Prisons Inmate Locator, "Darrell Turner," *available at* www.bop.gov/inmateloc (accessed May 20, 2025).

On January 27, 2020, Turner filed a motion to vacate his sentence in the firearm case. *See* Northern District of Indiana Case No. 2:00-cr-71 at DE 59. On April

2

12, 2023, under a separate case number, the Court granted Turner's motion and vacated his underlying conviction and sentence because "in light of *Rehaif* [*v. United States*, 588 U.S. 225 (2019)], the Defendant's guilty plea was not intelligent as required by the Fifth Amendment." *See* Northern District of Indiana Case No. 2:20-cv-330 DE 2 at 14. Specifically, because the Supreme Court had held in *Rehaif* that an individual must have knowledge that they were a fugitive from justice in order to be convicted of violating 18 U.S.C. § 922(g) and the indictment in Turner's case did not allege as much, the plea and therefore conviction could not stand. *Id.* Approximately a month later, on May 24, 2023, the Court granted the Government's Motion to Dismiss the charges in the firearms case. *See* Northern District of Indiana Case No. 2:00-cr-71 at DE 162.

On June 12, 2023, Turner filed a motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure relating to his 2000 arrest in the firearms case, and the Court later converted that motion to a civil Complaint for Return of Property dated June 12, 2023, and opened this case as a new matter. DE 2 and DE 15. In his civil Complaint for Return of Property, Turner seeks the return of four categories of property he alleges were unlawfully taken from him in connection with Case No. 2:00-cr-71: (1) unspecified "personal property" that was taken from his home and "turned over to the ATF"; (2) approximately $1,400 in cash that was taken from him; (3) the $100.00 special assessment Plaintiff paid as part of his previous criminal sentencing; and (4) unspecified "fees related to his supervised release and

half-way house payments." DE 2 at 1-2. The Government has moved to dismiss the case, *see* DE 19, and the motion to dismiss is currently pending.

Turner now seeks to amend his civil Complaint for Return of Property. In his present motions, Turner requests leave to add the City of Hammond as a defendant as well as two individual defendants: Hammond Police Officer and ATF Agent Michael Solan and attorney Jeffrey Schlesinger who represented Turner in the underlying criminal case. DE 21 at 2. Turner claims that these individuals, the City of Hammond (via the Hammond Police Department) and the United States Attorney's Office for the Northern District of Indiana "instituted and/or cooperated in a scheme to deprive [Turner] of his 4th Amendment rights" and that their actions "constituted malicious prosecution under Indiana and Federal law," including 42 U.S.C. § 1983. *Id.*; DE 22 at 2.

In a declaration attached to his motion to amend, Turner explains the factual basis for the allegations he wishes to add to his current case. DE 21 at 4-8. He claims that the ATF Agent and Assistant United States Attorney pursued the case under false pretenses and used a false warrant to arrest him. He further alleges that his defense attorney lied to him and was complicit in the allegedly malicious prosecution that deprived him of his constitutional rights. *Id.* He seeks $6 million in actual damages and $6 million in punitive damages, for a total of $12 million. DE 21 at 2.

**Discussion**

**A. Turner's Motions to Amend His Complaint for Return of Property.**

When a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "As a general rule, district courts should liberally grant leave to amend pleadings.*" Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 854 (7th Cir. 2017). But courts have broad discretion in deciding whether to allow amendments. *Id.*; *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). And leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). Further, pro se filings, including those of incarcerated individuals, should be liberally construed because pro se litigants are not professionally trained lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Fed. R. Civ. Pro. 8(e) ("Pleadings must be construed so as to do justice").

Despite this liberality, the Court does not believe that justice requires granting Turner leave to amend in these circumstances. As it stands now, Turner's lawsuit is a narrow one. It seeks the return of property—primarily $1,400 in cash—that he says was taken from him during a search and seizure in his firearms case. His proposed amended complaint and supplemental allegations, however, greatly expand the

nature and scope of the lawsuit far beyond the narrower claim raised in his Complaint for Return of Property.

Turner's proposed amendment seeks to add three new defendants beyond the United States and alleges a conspiracy involving the Hammond Police Department, the United States Attorney's Office, and the defense lawyer who represented him in his criminal case. If allowed to proceed, this would require substantial discovery on the merits of these allegations and the alleged $12 million in damages Turner says he suffered.

In other words, Turner's proposed amendment would fundamentally alter the nature of this lawsuit and transform it into something entirely new. Courts have denied amendments in similar circumstances. *E.g.*, *Reed v. Jacoby*, 2024 WL 3242259, at *1 (C.D. Ill. June 28, 2024) (denying leave to amend when "the claims Plaintiff alleges in his second amended complaint are completely unrelated to the claims Plaintiff alleged in his original complaint"); *Robinson v. Wood*, 2022 WL 1397846, at *3 (C.D. Ill. Apr. 20, 2022) (denying leave to amend when plaintiff's proposed amendments and new claims would fundamentally altered the nature of the litigation).

Furthermore, the Seventh Circuit has been clear that within the context of lawsuits filed by prisoners, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This is not only to avoid overly convoluted (and therefore burdensome) case administration, but also "to ensure that prisoners pay the required filing fees." *Id.* Allowing Turner to add his

new allegations of a conspiracy and malicious prosecution against three entirely new defendants to his pending case is contrary to what *George* mandates.

Finally, the timing of Turner's proposed amendment weighs against granting leave. The events at issue in his current Complaint for Return of Property and proposed amendment took place more than 20 years ago. And while it may be true that some claims could not be brought until after the charges in the firearms cases were dismissed in May 2023, that does not excuse the nearly two-years between when that occurred and the present proposed amendments which were filed in April 2025. Turner promptly sought the return of the property he alleges was unlawfully seized on June 12, 2023, less than a month after his firearms case was dismissed. But Turner provides no explanation in his motions as to why he waited nearly two years to bring forth these new allegations that occurred well before then and were known to him at the time of filing.  This strongly cuts against allowing leave to amend. *See J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347 (N.D. Ind. 2010) ("If the moving party fails to provide any explanation for not filing its amendment sooner or if the explanation it provides is inadequate, that will weigh towards denying leave to amend."). This is especially pertinent here since the allegations themselves relate to events that transpired more than 20 years ago, long before the lawsuit was filed. *See Cont'l Bank, N.A. v. Meyer,* 10 F.3d 1293, 1298 (7th Cir.1993) (affirming the district court's denial of leave to amend and noting, "[t]hese facts could have been pled at any time after the filing of the initial complaint"). And while the Government did not file a response to Turner's motions, the prejudice to

the current defendant from the proposed amendments is evident because it would delay resolution of the narrow issue related to the return of Turner's property that he claims was wrongfully seized and kept. *See also Select Creations, Inc. v. Paliafito Am., Inc.,* 830 F. Supp. 1213, 1217 (E.D. Wis. 1993) ("The burden to the judicial system itself, *e.g.,* from delaying resolution of the case, can justify denial of leave to amend, even if the amendment would not prejudice the opposing party.").

In sum, if Turner wishes to bring these new claims and new defendants into court, he will need to file a new and separate lawsuit, subject to the requirements of and limitations imposed by the Prison Litigation Reform Act, 28 U.S.C. § 1915 *et seq.*, including screening of his complaint pursuant to § 1915A(a) (stating that federal courts must review and screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

### B. Turner's Motion for an Extension of Time

With leave to amend the Complaint for Return of Property being denied, the Government's previously filed motion to dismiss remains pending. On May 12, 2025, Turner filed a motion seeking an extension of 60 days in which to respond to the motion to dismiss. As detailed in his motion, Turner was in the process of being transferred from USP Pollock (located in Pollock, Louisiana) to USP Victorville (located in Victorville, California). *See* DE 26 at 2. The Bureau of Prison's Inmate Locator confirms that Turner has been transferred to USP Victorville. *See* Federal Bureau of Prisons Inmate Locator, "Darrell Turner," *available at*

www.bop.gov/inmateloc (accessed May 20, 2025). Turner further states that while at USP Pollock, his library access was limited to one hour per week. In the Court's view, Turner's inability to timely respond to the Government's motion to dismiss is understandable and therefore constitutes good cause. Fed. R. Civ. Pro. 6(b)(1). Accordingly, Turner's motion for an extension will be granted.

## Conclusion

For the reasons discussed, Plaintiff Darrell Turner's Motion to Amend Civil Complaint [DE 21] and Motion to Clarify/Amend [DE 22] are **DENIED**. Plaintiff Darrell Turner's Motion for 60 Day Extension to Respond to Defendant's Motion to Dismiss [DE 26] is **GRANTED**. Plaintiff shall respond to the Government's Motion to Dismiss on or before **July 7, 2025**.

The Clerk of Court is **DIRECTED** to update Plaintiff's mailing address to:

USP Victorville
U.S. PENITENTIARY
P.O. BOX 3900
ADELANTO, CA   92301

The Clerk is furthermore **DIRECTED** to mail a copy of this Opinion and Order to Plaintiff (and all future mailings in the case) his new address at USP Victorville.

So ORDERED this 21st day of May 2025.

>*/s/ Abizer Zanzi*
>MAGISTRATE JUDGE ABIZER ZANZI
>UNITED STATES DISTRICT COURT

cc: Plaintiff Darrell Turner (U.S. Mail)