UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARRELL TURNER, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:24-CV-434-TLS-AZ |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**OPINION AND ORDER**

The Plaintiff, Darrell Turner, is an inmate of the United States Penitentiary Victorville in California where he is serving a 613-month sentence after being convicted of multiple drug-related offenses. *See* Cause No. 2:00-CR-71, ECF No. 129-15 (N.D. Ind.); Cause No. 3:03-CR-22, ECF Nos. 105, 107 (N.D. Ind.).

Prior to his conviction for the multiple drug-related offenses, as is relevant here, on August 30, 1995, Turner was arrested in South Carolina on charges of domestic violence. *See* Cause No. 2:00-CR-71, ECF No. 129-4, p. 1. At the time he was arrested, he lived in Hammond, Indiana, and was "just passing through S. Carolina and checking up on [his] daughter when [he] was arrested." *Id.*, ECF No. 59-1, p. 2. Later, on January 13, 2000, Turner was arrested in Hammond, Indiana, for possessing a handgun with an obliterated serial number. *Id.*, ECF No. 134, pp. 25–27, 34.

On January 14, 2000, following his arrest, he gave a statement to Hammond Police Officers. *See id.* at 27, ¶ 6. He stated that on January 13, 2000, he returned to his apartment just as the Hammond Police Department raided it. *Id*. He stated that "a Hammond Officer asked who is the owner of the Tec-9 firearm and . . . he raised his hand and stated [it] belong[ed] to him."

*Id.* He told the police that "the Hammond Police Department [officers] that raided his apartment did not find his Hi-Point pistol." *Id.*, p. 26, ¶ 3. He also told them "he ha[d] never been convicted on any domestic battery charges," and that if he had been, it was "without being present." *Id.*, p. 27, ¶ 8. Turner told the police that the "judge set a court date but . . . he had nobody he could live with and nowhere to stay, so [he] left South Carolina and never came back for his court date." *Id.*

Following Turner's January 13, 2000 arrest, the Government obtained records from South Carolina showing that the Defendant failed to appear in court on September 26, 1995. *Id.*, ECF No. 129-7, pp. 2–4, ¶¶ 3, 8. On April 5, 2000, the U.S. Attorney's Office for the Northern District of Indiana filed a Complaint against the Defendant. *Id.*, ECF Nos. 1, 129-7. In addition to alleging that the Defendant purchased firearms while a fugitive from justice, *see id.*, ECF No. 129-7, p. 4, the Complaint alleged that when he purchased the firearms on October 19, 1999, and November 8, 1999, he indicated on purchase forms that he had not been convicted of a crime of domestic violence and that he was not a fugitive from justice, *see id.*, p. 2, ¶¶ 4–5. On May 19, 2000, a grand jury returned an indictment against Turner charging him with four offenses, including possession of a firearm while being a fugitive from justice in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2). *See id.*, ECF Nos. 2, 129-8.

On January 16, 2001, Turner appeared before the Court for an arraignment and detention hearing, during which Turner pled not guilty and the Court ordered him detained. *Id.*, ECF Nos. 10, 12. On February 23, 2001, a grand jury returned a superseding indictment charging Turner with the original four offenses and two additional offenses. *Id.*, ECF No. 15. On March 9, 2001, the Defendant appeared before the Court and changed his plea to guilty. *Id.*, ECF No. 37. He pled guilty to one count of possessing of a firearm while a fugitive from justice, and the Court

2

granted the Government's motion to dismiss the other five counts. *Id.*, ECF Nos. 37–39, 129-10–13.

As part of his guilty plea, Turner:

> agree[d] not to contest the forfeiture in any civil, criminal, or administrative proceeding, of any and all property seized on January 13, 2000, during the search of 951 State Street Hammond, Indiana. Additionally, [Turner] agree[d] not to contest the forfeiture in any civil, criminal, or administrative proceeding, of two handguns owned by [Turner], specifically, (1) Hi Point .45 Caliber, model JH handgun and (1) Intratec 9mm, model AB 10 Handgun.

*Id.*, ECF No. 129-10, pp. 3–4.

On June 28, 2001, the Court sentenced Turner to twelve months and one day of imprisonment, followed by a three-year term of supervised release and a special assessment of $100 due immediately. *See* ECF Nos. 38, 129-13, pp. 1, 3. While on supervised release, Turner was charged with and convicted of multiple drug-related offenses for which he is currently serving the 613-month sentence. *Id.*, ECF No. 129-15, pp. 1, 3; Cause No. 3:03-CR-22, ECF Nos. 105, pp. 8–9, 107.

On January 27, 2020, Turner filed a Motion to Vacate his sentence—for the one count of possessing of a firearm while a fugitive from justice—under 28 U.S.C. § 2255. Cause No. 2:00-CR-71, ECF No. 59. He argued that in light of the United States Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019), his sentence was unconstitutional because the indictment against him for possession of a firearm while a fugitive from justice failed to allege that he knew he was a fugitive from justice. Specifically, Turner claimed that the defective indictment violated his Fifth Amendment right not to be tried without an indictment presented by a grand jury, *see id.*, ECF No. 91, pp. 5–6 (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 802 (1989)), and that the defective indictment violated his Sixth Amendment rights to

3

notice and effective assistance of counsel because it failed to inform him "of the nature and cause of the accusation" against him, *see id.*, pp. 5, 7 (citing U.S. Const. amend. VI).

On April 12, 2023, the Court entered an Opinion and Order granting Turner's Motion to Vacate because neither the parties nor the Court knew Tuner was being charged with knowing that he was a fugitive from justice, and, therefore, the Defendant's plea was not intelligent and was in violation of the Fifth Amendment. *Id.*, ECF No. 152. As a result, the Court vacated Turner's plea and conviction for violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2). *Id*. And the Clerk of Court entered a corresponding judgment. *Id.*, ECF No. 153.

On May 9, 2023, the Government filed a Motion to Dismiss the superseding indictment filed against Turner. *Id.*, ECF Nos. 15, 160.

On May 24, 2023, the Court entered an order granting the Motion to Dismiss the superseding indictment. *Id.*, ECF No. 162.

This pending case, 2:24-CV-434 (N.D. Ind.) is a civil action brought by Turner pro se, initiated by his Complaint for Return of Property [ECF No. 2], filed on June 12, 2023.[1] Pursuant to Federal Rule of Criminal Procedure 41(g), Turner seeks the return of property allegedly seized

---

[1] Turner initially filed the Motion for Return of Property in the underlying criminal case. Cause No. 2:00-CR-71, ECF No. 163. On November 20, 2023, he filed a Motion for Status of Rule 41 Motion. *Id.*, ECF No. 164. On February 9, 2024, the Court ordered the Government to file a response to Turner's Motion for Return of Property on or before March 11, 2024. *Id.*, ECF No. 165. On March 21, 2024, the Court ordered the Government to file a response to Turner's Motion for Return of Property on or before April 22, 2024. *Id.*, ECF No. 166. On April 9, 2024, Turner filed a Motion to Strike the Court's March 21, 2024 Order. *Id.*, ECF No. 168. The Government filed a response to Turner's Motion for Return of Property, on April 22, 2024. *Id.*, ECF No. 169. On April 23, 2024, the Court entered an Order denying Turner's Motion to Strike and ordering the deadline of May 21, 2024, for Turner to file a reply, if any, in support of his Motion for Return of Property. *Id.*, ECF No. 170. And Turner filed the reply on May 6, 2024. *Id.*, ECF No. 171. On that same date, Turner also filed a Declaration. *Id.*, ECF No. 172. On December 9, 2024, the Court entered an Order striking ECF Nos. 163–166 and 168–172 from the criminal docket and directing the Clerk of Court to docket those same entries in a new civil case assigned to the undersigned as the presiding judge with Turner as the Plaintiff and the United States of America as the Defendant. *Id.*, ECF No. 173. The instant case is that new civil case. On March 4, 2025, the Court directed the Clerk of Court to modify the Motion for Return of Property as a Complaint for Return of Property. ECF No. 15.

from him and turned over to federal agents presumably during the January 13, 2000 search of his apartment and arrest and the return of his payments for a special assessment and halfway house, all of which occurred in the underlying criminal case—Cause No. 2:00-CR-71. Specifically, in the Complaint for Return of Property, Turner requests the return of: (1) personal property from his home turned over to the ATF; (2) $1,400.00 in cash that was taken from him; (3) the $100 special assessment; and (4) halfway house payments related to his supervised release. Compl., ECF No. 2. He also requests a hearing to determine what became of his property. *Id*.

This matter is now before the Court on the Government's Motion to Dismiss Plaintiff's Complaint [ECF No. 19]. Dismissal under Federal Rule of Civil Procedure 12(b)(6) is sought on the ground that Turner's claim for return of property is barred by the statute of limitations. *See* ECF No. 20. Turner timely filed a response [ECF No. 39] on December 1, 2025. The Government has not filed a reply, and the time do so has passed. For the following reasons, the Court grants the Government's Motion to Dismiss.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if

5

doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "It is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). And a document filed pro se is to be liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).

## ANALYSIS

In this case, the Government argues that the statute of limitations bars Turner's claim for return of his: (1) personal property taken by federal agents from his home; (2) $1,400.00; (3) the $100 special assessment; and (4) halfway house payments made related to his supervised release. The Seventh Circuit Court of Appeals has recognized that a motion to dismiss based on the statute of limitations defense qualifies as a motion to dismiss for failure to state a claim. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). Thus, if the factual allegations of the complaint establish that the suit is time-barred, a plaintiff may plead himself out of court. *See Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). For the reasons set forth below, the Court finds that the statute of limitations bars Turner's claim for return of property.

The six-year statute of limitations found in 28 U.S.C. § 2401(a) for civil actions against the United States applies to claims under Federal Rule of Criminal Procedure 41(g). *United States v. Sims*, 376 F.3d 705, 708–09 (7th Cir. 2004).[2] "The period will run from the conclusion

---

[2] Federal Rule of Criminal Procedure 41(g) provides:
> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to

of the criminal proceedings or civil forfeiture proceedings . . . ." *Id*. at 709. Sentencing and the entry of judgment represent the conclusion of the criminal proceedings, even if a direct appeal was taken or post-conviction relief was sought. *See Suggs v. United States*, 256 F. App'x 804, 806 (7th Cir. 2007); *United States v. Mendez*, 860 F.3d 1147, 1150 (8th Cir. 2017) (finding that "a claim for return of property [is] available—and thus accrue[s]—at the time of judgment" and noting that, "[i]n a rare case in which a direct appeal and post-conviction proceedings consume six years from the date of judgment, . . . district courts have mechanisms available to ensure that a claimant need not choose between seeking relief from the judgment and return of his property"). And in this case, the parties do not dispute that there were no civil forfeiture proceedings.

Also, although the statute of limitations is an affirmative defense, the Court may take judicial notice of when the statute of limitations began to run through review of the docket in Turner's criminal case. *See 520 S. Mich. Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1137 n.14 (7th Cir. 2008) ("A court may take judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies . . . ." (cleaned up)). Here, the Court takes judicial notice that the docket in Turner's criminal case shows that he was sentenced on June 28, 2001, and the judgment was entered on July 9, 2001. *See* Cause No. 2:00-CR-71, ECF Nos. 38, 40. Turner sought the return of his property on June 12, 2023. ECF No. 2. That was about sixteen years too late following the conclusion of his criminal proceedings in July 2001.

In response, Turner argues that the statute of limitations did not begin to run until he received a favorable determination in his criminal case. The Court presumes that Turner is

---

       decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.
Fed. R. Crim. P. 41(g).

referring to the Court's April 12, 2023 opinion granting his Motion to Vacate his sentence under 28 U.S.C. § 2255, which vacated Turner's plea and conviction for violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2). *Id.*, ECF No. 153. He also contends in another related filing, "Surely, if the government had elected to take the plaintiff to trial (after the vacatur) it would've 'needed' some of the property the government is currently holding." ECF No. 8, p. 3.

However, the six-year statute of limitations begins "once the criminal proceedings . . . have concluded without the property having been forfeited" because then "the claimant knows that he has a present right to its return, and he shouldn't be permitted to postpone his request for its return indefinitely." *Sims*, 376 F.3d at 708. Thus, the rationale for the accrual of a Rule 41(g) claim turns on the conclusion of the criminal proceedings, not post-conviction relief such as the disposition of Turner's motion under 28 U.S.C. § 2255 and Turner's corresponding speculation that the Government may still have needed his personal property as evidence if he had been retried. As a result, there is no basis for extending the accrual date based on the Court's disposition of Turner's motion under 28 U.S.C. § 2255, which "is not part of the original criminal proceeding; it is an independent civil suit." *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989); *see Martin v. United States*, 96 F.3d 853, 855 (7th Cir. 1996) ("The next question we take up, and the easiest, is whether the Prison Litigation Reform Act applies to . . . section 2255 proceedings [, which] are technically *civil proceedings* and so come within the literal scope of the Act." (emphasis added)); *Garner v. United States*, 808 F.3d 716, 718 (7th Cir. 2015) ("We questioned the timeliness of his appeal, because parties in a civil matter, including proceedings under § 2255, have only 60 days from the date of judgment to appeal in cases to which the United States is a party.").

Turner also argues that the criminal proceedings did not conclude until the Court entered the April 12, 2023 Order vacating his plea and conviction because he "was misled to believe the plea, which he agreed to not contest forfeitures, was in fact valid." ECF No. 8, p. 2 (cleaned up). Indeed, Turner agreed not to contest forfeitures as part of his guilty plea. *See* Cause No. 2:00-CR-71, ECF No. 129-10, pp. 3–4. However, that provision of the plea agreement is irrelevant because it did not prohibit him from filing a motion for return of property under Rule 41(g), which does not contest the forfeiture of any property.

Turner also argues for delaying the accrual date because, at his sentencing, AUSA Benson told him "that the government is not done with the property, as it is ill-gained, and I'm going to donate the money to the attorney's fund," and his attorney advised "that the plea bargain prevents you from contesting the return of your property," ECF No. 8, p. 3 (cleaned up). However, bad legal advice does not delay the accrual of Turner's claim because it does not change the fact that his claim for return of property was *available* at the time of judgment in July 2001. *See United States v. Kubrick*, 444 U.S. 111, 124 (1979) ("If he fails to bring suit because he is incompetently or mistakenly told that he does not have a case, we discern no sound reason for visiting the consequences of such error on the defendant by delaying the accrual of the claim until the plaintiff is otherwise informed or himself determines to bring suit . . . ."); *Nemmers v. United States*, 795 F.2d 628, 632 (7th Cir. 1986) ("*Kubrick* said that the statute runs even if the plaintiff, because of bad advice, is dissuaded from filing suit."); *Mendez*, 860 F.3d at 1150 ("The potential for delay based on the claimant's litigating decisions does not change the fact that a claim for return of property was available—and thus accrued—at the time of judgment."). Thus, the comments of AUSA Benson and the advice of Turner's attorney are not a basis for delaying the accrual of Turner's claim for return of property.

Therefore, the Court grants the Defendants' Motion to Dismiss because Turner's claim for return of property is barred by the statute of limitations.[3] As a result, the Court need not address the Government's additional arguments for dismissal. The Court also need not address Turner's argument that he disagrees with the Court's previous determination denying leave to amend his Complaint because the Court made a mistake of law and fact, as he did not develop the argument any further. *See Mahaffey*, 588 F.3d at 1146.

Finally, a court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"); *Anderson v. United Airlines, Inc.*, 140 F.4th 385, 388 (7th Cir. 2025) ("District courts should afford a plaintiff leave to amend a complaint 'when justice so requires.'" (quoting Fed. R. Civ. P. 15(a)(2))). However, a court should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)); *see Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 930 (7th Cir. 2025)

---

[3] Turner seeks the return of halfway house payments related to his supervised release, which occurred after sentencing and judgment. To the extent Turner may argue that the statute of limitations should begin to run on the dates of those payments, "Rule 41(g) of the Federal Rules of Criminal Procedure provides a mechanism by which criminal defendants may recover property seized by the Government." *See United States v. Stevens*, 500 F.3d 625, 627–28 (7th Cir. 2007). Because the halfway house payments were not seized by the Government, Rule 41(g) does not provide a mechanism for the return of those payments. Also, any such argument as to the date the statute of limitations should begin to run for the halfway house payments would be waived because Turner did not raise the argument in his response. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

("A complaint should only be dismissed at the pleading stage with prejudice if the court is "*certain*" from the facts alleged that any amendment would be futile." (citation omitted)). As discussed above, Turner's claim against the Government for return of property is time-barred. Thus, any future amendments would be futile. Consequently, Turner's claim against the Government for return of property is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Government's Motion to Dismiss Plaintiff's Complaint [ECF No. 19] and DISMISSES the Plaintiff's Complaint with prejudice.

SO ORDERED on January 21, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT